UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 15-60423-CIV-ZLOCH

FEDERAL TRADE COMMISSION, et al.,

    Plaintiffs,

v.

CARIBBEAN CRUISE LINE, INC., et al.,

    Defendants.

                                                     /

## PLAINTIFF FEDERAL TRADE COMMISSION'S UNOPPOSED MOTION FOR LIMITED RELIEF FROM LOCAL RULE 16.2(e)

Pursuant to the Court's Order of Referral to Mediation (DE 43), the Federal Trade Commission ("FTC"), the states of Colorado, Florida, Indiana, Kansas, Mississippi, Missouri, North Carolina, Ohio, Tennessee, and Washington ("State Plaintiffs"), Defendants Fred Accuardi, Telephone Management Corporation, TM Caller ID, LLC, Pacific Telecom Communications Group, International Telephone Corporation and International Telephone, LLC ("Accuardi Defendants"), and Counterclaim Defendants Greisman and Maxson will participate in a mediation session on October 6, 2016.[1]

Local Rule 16.2(e) provides:

**Party Attendance Required.** Unless excused in writing by the presiding Judge, all parties and required claims professionals (*e.g.*, insurance adjusters) shall be physically present at the mediation conference (*i.e.*, in person if the party is a natural person or by personal attendance of a corporate representative if the party is an entity) with full authority to negotiate a settlement.

In light of its special circumstances as an independent governmental agency of the United States of America, the FTC respectfully requests that it be relieved of Local Rule 16.2(e)'s party

---

[1] *See* Notice of Mediator Selection and Mediation Conference (DE 56).

attendance requirement. The FTC is headed by five Commissioners, appointed by the President and confirmed by the Senate.[2] All decisions concerning settlements of litigation, as with all decisions to file complaints, are made by a majority vote of the Commissioners. No one Commissioner, nor any FTC employee, can bind the FTC to a settlement.[3]

To settle cases in litigation, FTC counsel negotiate settlements with defendants, reduce those settlements to writing, and have defendants sign the written document. FTC counsel then forward the settlement to the Bureau of Consumer Protection for review and approval. If the Bureau approves the settlement, counsel forward the document to the Commissioners for review and a vote.

FTC counsel's negotiation positions and settlement recommendations are made with an informed understanding of what the Bureau and the Commissioners are likely to approve. Counsel will only forward to the Bureau and the Commissioners a settlement that they expect that the Bureau and the Commissioners will approve.

FTC counsel will personally attend the October 6, 2016 mediation session. In addition, an Assistant Director from the Division of Marketing Practices in the Bureau of Consumer Protection will be available for immediate telephone consultation if necessary. This arrangement has worked successfully in other FTC litigations and should enable the parties to this lawsuit to engage in meaningful negotiations that could result in a settlement.

Pursuant to Local Rule 7.1(a)(3), the undersigned hereby certifies that he conferred with Antone Accuardi, counsel for the Accuardi Defendants, Assistant U.S. Attorney Steven R. Petri,

---

[2] *See* 15 U.S.C. § 41. As of the time of this motion's filing, there are two Commissioner vacancies.

[3] "Any Commission action, either at a meeting or by written circulation, may be taken only with the affirmative concurrence of a majority of the participating Commissioners, except where a greater majority is required by statute or rule or where the action is taken pursuant to a valid delegation of authority. No Commissioner may delegate the authority to determine his or her vote in any matter requiring Commission action, but authority to report a Commissioner's vote on a particular matter resolved either by written circulation, or at a meeting held in the Commissioner's absence, may be vested in a member of the Commissioner's staff." 16 C.F.R. § 4.14(c).

2

counsel for the Counter-Defendants, and counsel for the various State Plaintiffs, and they do not object to the relief sought herein.

WHEREFORE, the FTC respectfully requests that the Court relieve it of Local Rule 16.2(e)'s party attendance requirement.

Dated: September 2, 2016

Respectfully submitted,

/s/ Christopher E. Brown
Christopher E. Brown (Sp. Bar No. A5501993)
Thomas M. Biesty (Sp. Bar No. A5501817)
Federal Trade Commission
600 Pennsylvania Ave., NW, Rm. CC-8528
Washington, DC 20580
Telephone: (202) 326-2825 (Brown)
Telephone: (202) 326-2825 (Bandy)
Facsimile: (202) 326-3395

*Attorneys for Plaintiff, Federal Trade Commission*

## CERTIFICATE OF SERVICE

I hereby certify that on September 2, 2016, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF, which will send a notice of electronic filing to the following:

Kristen Pesicek
Assistant Attorney General
110 S.E. 6th Street
Ft. Lauderdale, FL 33301
  *Attorney for State of Florida and Local Counsel for State Plaintiffs*

Devin Laiho
Assistant Attorney General
Consumer Protection
Ralph L. Carr Colorado Judicial Center
1300 Broadway, Seventh Floor
Denver, CO 80203
  *Attorney for State of Colorado*

Marguerite M. Sweeney
Deputy Attorney General
Office of the Indiana Attorney General
Indiana Government Center South
302 W. Washington St., 5th Floor
Indianapolis, IN 46204
  *Attorney for State of Indiana*

James J. Welch
Assistant Attorney General
Office of the Kansas Attorney General
120 SW 10th Avenue, 2nd Floor
Topeka, KS 66612
  *Attorney for State of Kansas*

Frank Farmer
Special Assistant Attorney General
Office of the Mississippi Attorney General
Post Office Box 1174
Jackson, MS 39215-1174
  *Attorney for State of Mississippi*

Mary D. Morris
Assistant Attorney General
P.O. Box 861
St. Louis, MO 63188
  *Attorney for State of Missouri*

David N. Kirkman
Special Deputy Attorney General
Consumer Protection Division
North Carolina Department of Justice
114 West Edenton Street
P.O. Box 629
Raleigh, NC 27602-0629
  *Attorney for State of North Carolina*

Megan E. McNulty
Associate Assistant Attorney General
Consumer Protection Section
Office of Ohio Att'y Gen. Michael DeWine
One Government Center, Suite 1340
Toledo, OH 43604
  *Attorney for State of Ohio*

*Certificate of Service continues…*

Shiva K. Bozarth
Chief of Compliance
Tennessee Regulatory Authority
Andrew Jackson Building
502 Deadrick Street, 4th Floor
Nashville, Tennessee 37243
  *Attorney for State of Tennessee*

F. Antone Accuardi, Esq.
2331 SW 5th Ave.
Portland, OR 97201
  *Counsel for Defendants Pacific Telecom Communications Group, International Telephone Corporation, International Telephone LLC, Telephone Management Corporation, T M Caller ID, LLC, and Fred Accuardi*

Steven R. Petri
Unites States Attorney's Office
500 E. Broward Boulevard, 7th Floor
Fort Lauderdale, FL 333011
*Attorney for Federal Counter Defendants*

Sarah Shifley
Assistant Attorney General
Consumer Protection Division
Washington State Att'y General's Office
800 Fifth Ave., Ste. 2000
Seattle, WA 98104
  *Attorney for State of Washington*

Edwin M. Walker
Walker Law Firm
500 Australian Ave., Suite 600
West Palm Beach, FL 33401
  *Local Counsel for Defendants Pacific Telecom Communications Group, International Telephone Corporation, International Telephone LLC, Telephone Management Corporation, T M Caller ID, LLC, and Fred Accuardi*

/s/ Christopher E. Brown
Christopher E. Brown

5