UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 15-60423-CIV-ZLOCH

FEDERAL TRADE COMMISSION,
et al.,
    Plaintiffs,
v.

CARIBBEAN CRUISE LINE, INC,
et al.,
    Defendants.
_____/

**FTC ATTORNEYS LOIS GREISMAN AND WILLIAM MAXSON'S MOTION TO STAY DISCOVERY AND OTHER PRETRIAL PROCEEDINGS PENDING RESOLUTION OF THEIR MOTION TO DISMISS ON BASIS OF IMMUNITY WITH INCORPORATED MEMORANDUM OF LAW**

COME NOW, the named Federal Trade Commission attorneys Lois Greisman and William Maxson, in their personal capacities, by and through the undersigned Assistant United States Attorney, and request this Honorable Court to stay the pretrial proceedings and all discovery pertaining to the Counterclaims against them, and state the following:

Lois Greisman and William Maxson are both federal officials sued personally[1] by Accuardi and his companies based upon alleged conduct undertaken in Greisman and Maxson's official capacities in their roles as Federal Trade Commission (FTC) attorneys for alleged statements made during an October 2012 meeting with Accuardi at the FTC in Washington, DC.  Greisman and Maxson have filed a Motion to Dismiss (DE 59) the two legally invalid Counterclaims against them filed by Defendant Accuardi and the Remaining

---

[1] As noted in the Motion to Dismiss, it is not clear whether Accuardi brought the Counterclaims against Greisman and Maxson in their personal capacities.   DE 59, pp. 3-4.

1

Corporate Defendants (DE 40). The Motion to Dismiss sets forth seven fatal flaws with the Counterclaims, any one of which would require dismissal. Accuardi's claims are barred by the doctrines of absolute and qualified immunity, fail to plead facts sufficient to support First Amendment or Due Process violations, were filed after the applicable statute of limitations, impermissibly seek to impose Section 1983 liability on federal officials, concern alleged Constitutional violations for which there is no implied *Bivens* cause of action, and lack venue in the Southern District of Florida.

A long line of cases hold that the Court should excuse Greisman and Maxson from discovery and other case deadlines until the Court has considered the threshold questions of absolute and qualified immunity, which if found to be applicable would mandate dismissal of the Counterclaims. Moreover, the Scheduling Order for this case, entered based upon a conference report (DE 32) filed long before Accuardi attempted to bring Greisman and Maxson into the litigation, has numerous fast-approaching deadlines. It would impose significant prejudice on Greisman and Maxson to force them to abide by these deadlines. Accordingly, Greisman and Maxson respectfully request the Court to stay the pretrial proceedings and discovery on the Counterclaims against them until the Court can make a determination on the defenses of absolute and qualified immunity.

## BACKGROUND

In his Counterclaims, Accuardi attempts to sue Greisman and Maxson in their individual capacities and recover damages of $5 million against them. DE 40, at p. 28. Accuardi served Greisman and Maxson with the Counterclaims against them on June 27, 2016, more than a year after the underlying FTC case was filed (DE 1) and more than nine months after the Plaintiffs and Accuardi filed the 26(f) Report on September 18, 2015 (DE

32).   On April 14, 2016, the Court entered a Scheduling Report and other orders setting numerous fast-approaching deadlines, including: (1) mediation statements due on September 26; (2) expert reports due on September 30; (3) in-person mediation which has been set for October 6 in Palm Beach Gardens, Florida (Greisman and Maxson reside in the Washington, D.C. area); (4) summary judgment briefs on October 10; (5) discovery cutoff on November 22; and (6) a pretrial conference currently set for December 9, 2016.   DE 42-44.[2]

It is not clear that the Court ever intended these deadlines to apply to the new claims against Greisman and Maxson.   Regardless, Accuardi has not yet filed Rule 26(a) disclosures pertaining to the Counterclaims against Greisman and Maxson (nor have they), so they have not even been advised by Accuardi of the witnesses and evidence he intends to bring against them.   The Rule 26(a) disclosures would also be informative as to whether Accuardi's counsel of record in the Counterclaims (his son, Antone Accuardi) has to recuse himself from acting as counsel in the Counterclaims, as Antone Accuardi took part in the October 2012 meeting which forms the factual basis of the claims, so he would be a witness in the case and subject to deposition and discovery.   Under ABA Model Rule 3.7, "A lawyer shall not act as advocate at a trial in which the lawyer is likely to be a necessary witness unless: (1) the testimony relates to an uncontested issue; (2) the testimony relates to the nature and value of legal services rendered in the case; or (3) disqualification of the lawyer would work substantial hardship on the client."

As these are new claims with a pending motion to dismiss, Accuardi, Greisman and Maxson also have not conducted a Rule 26(f) conference and filed a scheduling report with

---

[2] The Court entered these orders prior to Accuardi's service of the Counterclaims on Greisman and Maxson, which occurred on June 27, 2016.

3

the Court. Regardless, Greisman and Maxson request the Court to stay the proceedings against them until such time as the Court has addressed their assertions of absolute and qualified immunity.

## MEMORANDUM OF LAW

***Absolute and Qualified Immunity Protects Greisman and Maxson from Both Liability** and the Burdens and Costs of Litigation.*

A long line of Supreme Court precedent "make[s] clear that the [qualified immunity] defense is meant to give government officials a right, not merely to avoid standing trial, but also to avoid the burdens of such pretrial matters as discovery." *Behrens v. Pelletier*, 516 U.S. 299, 308 (1996) (internal quotations and citation omitted) (emphasis omitted). The Supreme Court has explained that the application of immunity is not just a "mere defense to liability," but an "immunity from suit" and an "entitlement not to stand trial or face the other burdens of litigation." *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985) (emphasis omitted). In other words, the "basic thrust of the qualified-immunity doctrine is to free officials from the concerns of litigation, including avoidance of disruptive discovery." *Ashcroft v. Iqbal*, 556 U.S. 662, 684-86 (2009); *see also Siegert v. Gilley*, 500 U.S. 226, 232 (1991) (explaining that the assertion of immunity protects officials from "expensive and time consuming preparation to defend the suit on its merits"); *Saucier v. Katz*, 533 U.S. 194, 200 (2001) (*receded on other grounds in Pearson v. Callahan,* 555 U.S. 223, 227 (2009)) (the application of immunity "is an immunity from suit rather than a mere defense to liability").

The Supreme Court has instructed lower courts that the qualified immunity question must be resolved "at the earliest possible stage in litigation," *Hunter v. Bryant*, 502 U.S. 224, 227 (1991), and, if asserted in a threshold motion to dismiss, it must be resolved before discovery or other pretrial proceedings commence. *See*, *e.g.*, *Pearson,* 555 U.S. at 231;

4

*Iqbal*, 556 U.S. at 685; *Mitchell*, 472 U.S. at 526; *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982).  "(I)f the defendant does plead the immunity defense, the district court should resolve that threshold question before permitting discovery."  *Crawford-El v. Britton*, 523 U.S. 574, 598 (1998)

Here, Accuardi's legally invalid Counterclaims, filed both after the applicable statute of limitations and very late in the proceedings in the underlying FTC case, have caused Greisman and Maxson to face several imminent deadlines in this litigation that would require a significant expenditure of time and resources, and they would be extremely prejudiced by the lack of time to comply with deadlines which were probably never intended by the Court to apply to new parties brought into the case in the 11th hour.  A long line of case law holds that government employees should not be forced to incur such expenditures while they seek dismissal pursuant to a claim of absolute or qualified immunity.  Greisman and Maxson are undoubtedly entitled to both absolute and qualified immunity, and have appropriately moved the Court to dismiss the claims against them.  DE 59, §§ A-C.  Accordingly, discovery and pretrial proceedings as they apply to Greisman and Maxson should be stayed pending the Court's review of immunity as asserted by them.

## LOCAL RULE 7.1(a)(3) CERTIFICATION

Undersigned counsel has been informed by Antone Accuardi, counsel for his father Fred Accuardi and the remaining corporate Defendants, that he does not oppose the relief requested in this motion, however he would assert that the mediation hearing should remain as scheduled on October 6, 2016, in case the Court rules on the motion to dismiss prior to it occurring.  Mr. Accuardi further informed undersigned counsel that if the deadlines are stayed for Greisman and Maxson he would contend that they should be stayed for all parties.

Undersigned counsel has also been informed by Christopher Brown, counsel for the FTC, and Kristen Pesicek, local counsel for the State Plaintiffs (who canvassed them as to their positions), that they have no objection to a stay of the pretrial proceedings and discovery as they pertain to Greisman and Maxson and the Counterclaims against them.

## CONCLUSION

In light of the overwhelming authority in support of resolving questions of absolute and qualified immunity at the outset of the case, and the prejudice Greisman and Maxson would face if forced to comply with deadlines which were never intended to apply to new parties brought into the case in the 11th hour, prior to forcing government employee defendants to undergo the costs and burdens inherent to litigation, a stay of discovery and other pretrial proceedings (other than briefing and any argument on their pending motion to dismiss) which would include the filing of a scheduling report pursuant to Rule 26 and Rule 26(a) disclosures, as well as all discovery, mediation, and the pretrial conference as they apply to the Counterclaims, is respectfully requested until such time as the Court has an opportunity to address the assertion of absolute and qualified immunity.

Respectfully submitted,

WIFREDO A. FERRER
UNITED STATES ATTORNEY

By: /s/ Steven R. Petri
STEVEN R. PETRI, (Fed Bar No. A5500048)
Assistant United States Attorney
E-mail: Steve.Petri@usdoj.gov
United States Attorney's Office
500 E. Broward Boulevard, Suite 700
Fort Lauderdale, Florida 33394
Tel: (954) 660-5799 Fax: (954) 356-7180

*Attorney for Lois Greisman and William Maxson, in their personal capacities*

6

**CERTIFICATE OF SERVICE**

  **I HEREBY CERTIFY** that on September 8, 2016, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel/parties of record via the ECF system.

              /s/ Steven R. Petri
              STEVEN R. PETRI
              Assistant United States Attorney